# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL PONCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-03152-CV-RK |
| | ) | |
| WELLS FARGO BANK, N.A., BROKER SOLUTIONS, INC., US BANK, NA AS TRUSTEE FOR SECURITIZED TRUST GINNIE MAE REMIC 2018-034 TRUST, JOHN DOES 1-100 INCLUSIVE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Dismiss for Failure to State a Claim. (Doc. 8.) The motion is fully briefed. (Docs. 9, 16, 19.) After careful consideration, the motion is **PROVISIONALLY GRANTED**.

## Background

Pro se Plaintiff, Michael Ponce, originally filed this action in the Circuit Court of Dallas County, Missouri, on March 25, 2019. The action was properly removed to this court on April 24, 2019, by Defendant Wells Fargo solely based on diversity of citizenship. In his Complaint, Plaintiff alleges five causes of action: Lack of Standing/Wrongful Foreclosure; Breach of Contract Against Defendant Broker Solutions, Inc.; Quiet Title; Temporary Restraining Order and For Injunctive Relief; and Declaratory Relief. (Doc. 1-1.) All causes of action apparently relate to a mortgage on Plaintiff's real property located at 72 State Road, Ff, Long Lane, MO 65590. (*Id.*)

## Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal

quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Wilson*, 850 F.3d at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. U.S. Postal Service*, 263 Fed. Appx. 753, 864 (8th Cir. 2008). Although the Court liberally construes pro se pleadings, a complaint "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court will not "supply additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (quotation marks and citation omitted).

Federal Courts sitting in diversity apply state substantive law. *See generally Morgantown Machine & Hydraulics of Ohio, Inc. v. American Piping Products, Inc.*, 887 F.3d 413, 415 (8th Cir. 2018) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Wells Fargo relies on Missouri law in their briefs and no party argues another state's substantive law should apply. Therefore, the Court looks to Missouri substantive law to resolve the issues.

## I. Discussion

As to Count I, Wells Fargo argues Plaintiff does not state a cause of action for his lack of standing/wrongful foreclosure claims. As to Count II, Wells Fargo does not move to dismiss and thus Count II will remain. As to Count III, Wells Fargo argues Plaintiff does not state a claim for quiet title. As to Count IV, Wells Fargo argues Plaintiff does not state a claim for injunctive relief. As to Count V, Wells Fargo argues Plaintiff has not sufficiently pled Plaintiff is entitled to any declaration of rights. Additionally, as to Counts I, III, IV, and V, Wells Fargo argues Plaintiff (1) does not have standing to challenge the securitization of his mortgage, and (2) Plaintiff has not made any meaningful allegations with respect to Wells Fargo. Each of these arguments will be addressed in turn.

### A. Count I: Plaintiff Does Not State a Cause of Action for Lack of Standing/Wrongful Foreclosure

Missouri recognizes actions for wrongful foreclosures in both tort and equity. *See generally Dobson v. Mortg. Elec. Registration Sys./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). "A wrongful foreclosure at law claim and a wrongful foreclosure in equity claim

both require that a foreclosure sale occurred." *Smith v. Select Portfolio Servicing, Inc.*, No. 2:16-CV-04203-NKL, 2016 WL 4942029, at *2 (W.D. Mo. Sept. 15, 2016) (citations omitted). "Missouri law is clear that a cause of action does not exist where a foreclosure sale has not occurred, such as for an attempted wrongful foreclosure." *Id*. (citing *Reese v. First Mo. Bank and Trust Co.*, 736 S.W.2d 371, 373 (Mo. 1987) (en banc) ("[O]ur authorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non-judicial foreclosure deeds of trust.")). Therefore, Plaintiff must allege a foreclosure sale actually took place. *Id*. Here, Plaintiff has not alleged or pleaded a foreclosure sale has occurred. Thus, Plaintiff has failed to state a claim for wrongful foreclosure and Defendant's motion as to Count I will be provisionally granted.

### B. Count III: Plaintiff Does Not State a Claim for Quiet Title

To state a claim for quiet title under Missouri law, a plaintiff must allege (1) ownership of the described real estate; (2) the defendant claims title or interest in said real estate; and (3) the defendant's claim is adverse and prejudicial to the plaintiff. *Smith v. Select Portfolio Servicing, Inc.*, No. 2:16-CV-04203-NKL, 2016 WL 4942029, at *3 (W.D. Mo. Sept. 15, 2016) (citing *Howard v. Radmanesh*, 586 S.W.2d 67, 68 (Mo. Ct. App. 1979)). Additionally, Plaintiff "has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weaknesses in the title of the other party." *Ollison v. Vill. Of Climax Springs*, 916 S.W.2d 198, 203 (Mo. 1996).

Here, Plaintiff alleges to be the owner of real estate. (Doc. 1-1, ¶ 3). Plaintiff further alleges Defendants lack any legal rights or title in the property. (Doc. 1-1, ¶ 52). However, Plaintiff fails to plead facts demonstrating his interest in the property is superior to that of the Defendants. In fact, Plaintiff expressly alleges a mortgage on his property exists and does not allege he has paid off the mortgage or that the property is now unencumbered. *See Smith*, 2016 WL 4942029, at *3 (finding Plaintiff failed to state a claim for quiet title where he did not allege his mortgage was paid off or the property was unencumbered). These facts suggest Plaintiff's interest in the property would actually be inferior and not superior to the interest of Defendants. Without any additional facts pleaded, Plaintiff fails to state a claim for quiet title, and Wells Fargo's Motion as to Count III will be provisionally granted.

### C. Count IV: Plaintiff Does Not State a Claim for a Temporary Restraining Order or Injunctive Relief

A claim for injunctive relief or a temporary restraining order is not a separate cause of action. *See Jackson County, Mo. ex rel. Nixon v. MERSCORP, Inc.*, 915 F.Supp.2d 1064, 1073 (W.D. Mo. 2013); *see also Fletcher v. Conoco Pipe Line Co.,* 129 F.Supp.2d 1255, 1264 (W.D. Mo. 2001); *see also Secure Energy, Inc. v. Coal Synthetics, LLC,* No. 4:08–CV–1719–JCH, 2010 WL 1691184 (E.D. Mo. April 27, 2010) (holding that Plaintiffs could seek injunctive relief as part of their prayer for relief, but the remedy cannot stand as a separate cause of action). "Instead, [Plaintiff] must allege some wrongful conduct on the part of Defendant[s] for which their requested injunction is an appropriate remedy." *Jackson County, Mo. ex rel Nixon*, 915 F.Supp.2d at 1073. Because Plaintiff has not stated a claim for his other counts, Plaintiff has no viable claim for injunctive relief or a temporary restraining order. Therefore, Wells Fargo's motion as to Count IV will be provisionally granted.

### D. Count V: Plaintiff Does Not State a Claim for Declaratory Relief

"[A] declaratory judgment is a remedy, not a cause of action." *STIM, LLC v. Aecom Tech. Servs., Inc.*, No. 15-0772-CV-W-ODS, 2016 WL 1298145, at *2 (W.D. Mo. Apr. 1, 2016). Plaintiff has failed to state a claim upon which relief can be granted in any other count of his complaint. Plaintiff cannot transform a claim for declaratory relief into an independent cause of action. *Id.* Therefore, Wells Fargo's motion as to Count V will be provisionally granted.

### E. Challenges to Loan Securitization and Meaningful Allegations Against Wells Fargo (Counts I, III, IV, V)

Although Wells Fargo sets forth independent grounds for dismissing Counts I, III, IV, and V as addressed above, the Court will continue to discuss Wells Fargo's additional grounds for dismissal. Wells Fargo argues Plaintiff's Complaint is merely a challenge to loan securitization and lacks meaningful allegations against Wells Fargo. (Doc. 9.) While Wells Fargo does not clearly articulate why Plaintiff's claims set forth in Counts I, III, IV, and V all amount to challenging loan securitization, a review of the Complaint (Doc. 1) and Plaintiff's Response (Doc. 16) establishes they do. Plaintiff, however, contests his claims all amount to a challenge of loan securitization. (Doc 16.) Specifically, Plaintiff argues he has put forth allegations demonstrating that: "(1) the subject loan was never properly assigned to Wells Fargo; (2) the Note was not transferred under the terms of the Pooling and Servicing Agreement; (3) there was a splitting or

separation of title, ownership and interest in the Note and Mortgage/Deed of Trust; and (4) Defendants does not hold a perfected and secured claim in Ponce's property." (*Id.*)

The Court disagrees with Plaintiff. Plaintiff lacks standing to allege any of his claims as to Wells Fargo. "A judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to non-compliance with a pooling and servicing agreement." *Schwend v. U.S. Bank, N.A.*, 2013 WL 686592 *3 (E.D.Mo. Feb. 26, 2013). Plaintiff's First and Second allegations are barred for lack of standing by *Schwend* because he is challenging the validity of the loan assignment and the validity of the Note transfer pursuant to the pooling and servicing agreement. Plaintiff's Third allegation is also barred. Under Missouri law, a note and deed of trust are inseparable. *Federal Nat. Mortg. Ass'n v. Conover*, 428 S.w.3d 661, 669 (Mo.Ct.App.2014); *Schwend, N.A.*, 2013 WL 686592 *5 (E.D.Mo. Feb. 26, 2013) (noting "if the note is properly assigned, the deed of trust automatically goes with it, and the note is not split from the deed of trust"). The holder of a Note is entitled to enforce that Note. *Campbell v. U.S. Bank Nat'l Ass'n*, No. 13-05090-CV-SW-GAF, 2014 WL 12621183, at *4 (W.D. Mo. Feb. 12, 2014) (citing *In re Washington*, 468 B.R. 846, 852-53 (Bankr. W.D. Mo. 2011)). Thus, it is irrelevant whether the Note and the Deed of Trust/Mortgage were physically split. Similar to Plaintiffs first and second allegations, Plaintiff's Fourth allegation is barred by *Schwend*, as it equates to a challenge to the securitization of the mortgage on his property.

Additionally, Wells Fargo argues no meaningful allegations are made with respect to them specifically. The Court agrees. Plaintiff largely makes allegations against "Defendants" in his complaint. (See Doc. 1.) Plaintiff has pleaded no facts which allow the Court to draw a reasonable inference that Wells Fargo is liable for any misconduct alleged. *See Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017).

## II. Leave to File an Amended Complaint

In his response, Plaintiff seeks leave to amend his complaint. (See Doc. 16.) Plaintiff's request however fails to comply with local rule 15.1(a). Still, the Court will give Plaintiff until September 27, 2019, to file an amended complaint which cures the issues raised in this Order. Failure to do so, will result in the dismissal of all counts (counts I, III, IV, and V) against Defendant Wells Fargo.

5

## Conclusion

Accordingly, Wells Fargo's Motion to Dismiss is **PROVISIONALLY GRANTED**. Counts I, III, IV, and V against Wells Fargo are dismissed. Plaintiff, however, has until September 27, 2019, to file a motion for leave to file an amended complaint. Counts I, III, IV, and V remain against all other Defendants. Count II remains against Defendant Broker Solutions, Inc.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 12, 2019